[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs brought this action in contract for payment for labor and materials furnished. The plaintiffs were subcontractors who performed under a payment bond issued by the defendant, Insurance Company of North America ("INA"). The plaintiffs moved for summary judgment on the first three counts of the four count amended complaint based upon admissions by the defendant that the monies claimed by the plaintiffs were due and owing together with interest, costs and reasonable counsel fees.
The defendant filed its answer to the complaint and its special defense that each of the three plaintiffs failed to comply with the 180 day limitation for providing notice as set forth in section 49-42 (a) of the General Statutes. The plaintiffs filed their reply as well as pleadings of waiver, estoppel and unjust enrichment in avoidance of the special defenses and in claim of the tolling of the statute of limitation set forth in section 49-42 (a).
Thereafter, the plaintiffs and the defendant filed, respectively, motions for summary judgment. The plaintiffs' claims for summary judgment are opposed by the defendant. INA's motion for summary judgment is opposed by the plaintiffs. Each motion, as opposed, makes it clear why the motion is inappropriate to resolve the issues raised by the parties.
Section 384 of the Practice Book provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue CT Page 1296 of material fact and that the moving party is entitled to judgment as a matter of law." Gurliacci v. Mayer, 218 Conn. 531, 561
(1991).
In deciding a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500 (1988). The pleadings, affidavits and other proof submitted in this case illumine the existence of a multiplicity of genuine issues of material fact which must be determined by the trier of fact rather than on a motion for summary judgment.
Each of the parties' motions for summary judgment is hereby denied.
BY THE COURT
LEANDER C. GRAY, JUDGE